UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  Case No. 20-MJ-308

TYSHAUN T. SMITH,

      Defendant.

## MOTION TO SEAL UNREDACTED CRIMINAL COMPLAINT AND PUBLISH REDACTED CRIMINAL COMPLAINT

The United States of America hereby moves the Court, pursuant to Rule 79(d) of the General Local Rules of the United States District Court for the Eastern District of Wisconsin, for an order sealing the unredacted Criminal Complaint (ECF No. 1) filed on June 4, 2020 in the above-captioned case for 30 days and publishing to the public docket the attached redacted Criminal Complaint. *See* Exhibit A.

There is both a common law right and a constitutional right to access judicial records, but those rights are not absolute. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978); *In re Reporters Comm. for Freedom of the Press to Unseal Criminal Prosecution of Assange*, 357 F. Supp. 3d 528, 533 (E.D. Va. Jan. 30, 2019) (mem. op.). That presumption of public access is particularly strong in criminal proceedings. *See United States v. Kalkounos*, No. 06-CR-102, ECF No. 59, at *2 (E.D. Wis. Feb. 21, 2018). Charging documents are a "quintessential example" of records subject to public disclosure "abrogated only in unusual circumstances." *Assange*, 357 F. Supp. 3d at 534-35. That presumption, however, may be overcome when and where appropriate, such as to prevent flight, destruction of evidence, or witness tampering, to secure privacy rights, or to protect the public. *Id.* Striking the proper balance

is left to the sound discretion of the Court, exercising its inherent, supervisory power over its own records and files. *Nixon*, 435 U.S. at 598.

General Local Rule 79 requires "good cause" for withholding material from the public record. *See* Gen. L.R. 79(d)(3). Here, the Government has proposed redactions to that end—protecting the identities of law enforcement officers and, in turn, their safety for a limited period of time. Protecting the safety of law enforcement officers is, of course, a compelling government interest, and the redacted Criminal Complaint is narrowly tailored to serve that interest. Even in the absence of a specific threat, the law enforcement officers involved in this case are understandably concerned for their safety. In light of the nation's ongoing civil unrest, this concern is particularly grave now.[1]

The United States has conferred with the defendant's attorney in a good faith attempt to avoid this motion. The defendant objects to any sealing of the Criminal Complaint absent specific information about a risk to law enforcement. But, the defendant already has a copy of the unredacted Criminal Complaint, so he will suffer no prejudice from this request, and the redacted Criminal Complaint provides the public with the same substantive information.

The Government shares the Court and the defendant's interest in promoting transparency and fairness. To that end, the Government has already published the redacted Criminal Complaint.[2] *See* U.S. ATTORNEY'S OFFICE FOR THE EASTERN DISTRICT OF WISCONSIN, *Milwaukee Man Charged with Federal Offenses for Throwing Molotov Cocktail Into Boost Mobile Store* (June 5,

---

[1] In Milwaukee like elsewhere, the civil unrest has already been connected to violence against police officers. *See, e.g.*, Bill Glauber, et al., *Milwaukee Officer Suffers Minor Gunshot Wound as Peaceful Protests Escalate; Minor Injury Reported*, MILW. J. SENT. (May 30, 2020), https://www.jsonline.com/story/news/2020/05/30/milwaukee-protests-looting-police-riot-gear-after-peaceful-day/5290062002/; Gina Barton, *Milwaukee's Police Chief Says Violence Against Officers Must Stop, While Mayor Decries the Use of Rubber Bullets*, MILW. J. SENT. (June 5, 2020), https://www.jsonline.com/story/news/local/milwaukee/2020/06/05/mayor-tom-barrett-decries-use-rubber-bullets-george-floyd-protests/3158774001/.

[2] The unredacted Criminal Complaint (ECF No. 1) was briefly unsealed and publicly available on June 5, 2020, according to the Clerk of Court. However, that document is no longer available on the public docket.

2020), https://www.justice.gov/usao-edwi/pr/milwaukee-man-charged-federal-offenses-throwing-molotov-cocktail-boost-mobile-store.

In this district, the standard practice is to seal criminal complaints upon issuance and then unseal those complaints upon arrest and arraignment. Continuing to seal a criminal complaint is unusual. That said, the Government's request is not without precedent. This Court has granted a motion to seal, allowing a redacted criminal complaint to replace an unredacted one on the public docket (even after the initial appearance) to protect the integrity of an ongoing investigation. *See United States v. Berrios*, 20-MJ-114-WED, ECF No. 11. Here like there, the redactions are tailored to the Government's specific concern—public disclosure of witnesses' identities. This request strikes an appropriate balance—protecting the public's right to know and the Government's interest in preserving the safety, security, and privacy of the public's law enforcement officers.

For all of those reasons, the United States respectfully requests that the Court seal the unredacted Criminal Complaint for 30 days and publish to the docket the attached redacted Criminal Complaint. *See* Exhibit A.

Respectfully submitted this 5th day of June 2020 at Milwaukee, Wisconsin.

        MATTHEW D. KRUEGER
        United States Attorney

By:   s/ *Philip T. Kovoor*
      PHILIP T. KOVOOR
      Assistant United States Attorney
      Eastern District of Wisconsin
      517 East Wisconsin Avenue
      Milwaukee, Wisconsin 53202
      (414) 297-1721
      philip.kovoor@usdoj.gov